IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES L. WEEKLY                                                        PETITIONER
ADC #86771

V.                                   CASE NO. 5:14CV446 KGB-JTK

WENDY KELLEY,[1] Director
Arkansas Department of Correction                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION INSTRUCTIONS

The following recommended disposition has been sent to United States District Court

Judge Kristine G. Baker.   Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal basis

for the objection. If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection. An original and one copy of your objections must

be received in the office of the United States District Clerk no later than fourteen (14) days

from the date of the findings and recommendations. The copy will be furnished to the

opposing party. Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the United States

---

[1]Wendy Kelley replaced Ray Hobbs as Director of the Arkansas Department of
Correction.  Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically
substituted as Respondent in this matter.

District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A 149
Little Rock, AR 72201-3325

## Introduction

Petitioner, Charles Weekly, an inmate at the Arkansas Department of Correction, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on December 16, 2014. (Doc. No. 2)  A response was filed by Respondent on February 8, 2015 (Doc. No. 8)  Petitioner filed a traverse on April 7, 2015, and also filed a Motion to Amend/Correct his habeas petition, to which Respondent objected.  After reviewing the parties' briefings and

the available evidence, the undersigned recommends that the motion to amend/correct be denied, the habeas petition be denied and this action dismissed.

## Background

On September 2, 1986, Petitioner, with retained counsel, pleaded guilty to the offenses of kidnapping and rape in two separate cases in Pulaski County (Arkansas) Circuit Court. In each case, the Court sentenced Petitioner to life imprisonment for rape and a concurrent ten-year sentence for kidnapping. Petitioner did not seek any post-conviction relief in either case. The judgment and commitment orders were filed on September 4, 1986.

On June 29, 1992, Petitioner filed pro se petitions for permission to file Rule 37 petitions. On July 29, 1992, the circuit court denied the petitions as untimely and found Petitioner had entered into voluntary guilty pleas and had not shown that his attorney was ineffective in his representation of him. Petitioner appealed to the Arkansas Supreme Court, who granted the State's motion to dismiss the appeal on March 8, 1993.

On April 12, 2013, Petitioner filed a petition for writ of error coram nobis in the Pulaski County (Arkansas) Circuit Court. The Court denied the petition on April 30, 2013, finding no merit to any of Petitioner's claims. It further held that Petitioner failed to exercise due diligence in pursuit of relief by waiting almost twenty-seven (27) years to file his petition without any explanation as to the delay. Petitioner appealed the circuit court's decision to the Arkansas Supreme Court. The Arkansas Supreme Court affirmed the trial court's order of denial on September 11, 2014. *See Weekly v. State*, 2014 Ark. 365. The Arkansas Supreme Court found no merit to Petitioner's claims and a lack of due diligence and any

3

explanation for delay.

## Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 US.C. § 2244(d)(1)(A). A prisoner whose judgment became final before AEDPA was enacted, like the Petitioner in this case, has one year from the AEDPA's effective date of April 24, 1996. CITE. "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending'" *Day v. McDonough* 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Because Petitioner's judgment was final before the enactment of the AEDPA, his time for filing a federal petition began to run from the AEDPA's effective date of April 24, 1996, and he had until April 24, 1997, plus any tolling periods, to timely file his habeas petition. Petitioner sought postconviction relief in state court between April 24, 1996 and April 24, 1997. Accordingly, there was no statutory tolling of the statute of limitations.

Even when the statutory exceptions do not apply to a petitioner's claim, the statute of limitations on filing a writ of habeas corpus can be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A "petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 549 (quoting *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court finds no reason to believe that equitable tolling would be appropriate in this case. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Petitioner has failed to demonstrate that he was diligently pursuing his rights. Accordingly, the Court finds that equitable tolling is unwarranted, and the petition is time barred.

Petitioner's claims are also procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at

5

848). Petitioner's claims of ineffective assistance of his guilty-plea counsel were never presented to, or ruled upon, by the state courts due to his failure to file a timely postconviction Rule 37 petition. Therefore, those claims are defaulted. Similarly, Petitioner's other claims challenging the voluntariness of his pleas were never presented to any court and are also defaulted.

In his motion to amend/correct the habeas petition, Petitioner seeks to add three additional claims, including actual innocence, ineffective assistance of counsel, and a Sixth Amendment violation for guilty-plea counsel's failure to file a discovery motion for statements the victim gave to police (also an ineffective assistance of counsel claim). Petitioner asserts that he exhausted his ineffective assistance of counsel claims in the form of his writ of error coram nobis. Those claims are untimely and procedurally defaulted. Petitioner's writ of error coram nobis did not exhaust the ineffective assistance of counsel. Allegations of ineffective assistance of counsel are not grounds for issuance of the writ of error coram nobis. *Nelson v. State*, 2014 Ark. 91, at 5. In fact, errors premised on ineffective-assistance-of-counsel claims are not cognizable in error coram nobis proceedings. *Id.*

Finally, Petitioner claims actual innocence as a ground for relief, however, the United States Supreme Court "has not decided whether a persuasive demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of constitutional error. *Dansby v. Hobbs*, 766 F.3d 809. 816 (8th Cir. 2014). The Court has established that the threshold for any such claim, if recognized, would be

6

"extraordinarily high." *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). The Court finds that Petitioner does not meet the extraordinarily high threshold that might support relief based on a showing of actual innocence. Instead, the Court will construe Petitioner's claim as an excuse for his procedural default. The United States Supreme Court made it clear in *McQuiggins v. Perkins*, that a claim of actual innocence acts "as a gateway to adjudication of a federal habeas petition on the merits." ___ U.S. ____, 133 U.S. 1924, 1936 (2013). However, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United State*, 249 F.3d 747, 749 (8th Cir. 2001). Additonally, Petitioner must establish that (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). Evidence is "new" if it was not available at the time of trial through the exercise of due diligence. *Nooner v. Hobbs*, F.3d 921, 934 (8th Cir. 2012).

Here, Petitioner does not provide factual innocence nor does he provide new evidence. His claim is simply insufficient and does not excuse the procedural default of his ineffective assistance claims.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED. The pending motion to Amend/Correct is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 22nd day of May, 2015.


_____
UNITED STATES MAGISTRATE JUDGE